

Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

858 678 5070 main
858 678 5099 fax

**Juanita R. Brooks**
Principal
brooks@fr.com
858 678 4377  direct

April 12, 2023

*VIA ECF*

Colonel Peter R. Marksteiner
Circuit Executive & Clerk of Court
United States Court of Appeals for
    the Federal Circuit
717 Madison Place NW
Washington, DC 20439

Re:   *Finjan LLC v. SonicWall, Inc.* Appeal No. 22-1048

Dear Col. Marksteiner:

I write on behalf of Appellant Finjan in response to Appellee SonicWall's letter submitted under Federal Rule of Appellate Procedure 28(j) concerning the *Salazar v. AT&T Mobility LLC*, Nos. 2021-2320 & 2021-2376, __ F4th __, 2023 WL 2778774 (Fed. Cir. Apr. 5, 2023), decision.

In *Salazar*, the Court reiterated "that the indefinite article 'a' means 'one or more' in open-ended claims containing the transitional phrase 'comprising,'" and "[a]n exception . . . only arises where the language of the claims themselves, the specification, or the prosecution history necessitate a departure from the rule." *Id.* at *3. Applying this, the Court held the claims in *Salazar* compelled a departure from the default rule. *Id.* at *5.

Here departure from the default rule is not justified. In *Salazar*, the microprocessor was one of many subcomponents of the claimed system, with subsequent limitations claiming other subcomponents and their interaction with this subcomponent. *Id.* at *1. While the Court found the context of those claims warranted departing from the default rule, *see id.* at *5, that logic does not apply here, where the claim is directed generally to a computer's capabilities rather than to a discrete standalone computer. Blue Br. ("BB") 50-51.

Moreover, *Salazar* does not displace the law cited throughout Finjan's briefing that supports "a computer" constituting multiple devices, not just a standalone computer. BB 56-59; Gray Br. ("GB") 24-26. The accused SonicWall product operates as a single, unified computer performing the claimed function. BB 59-61; GB 30-31.

Finally, *Salazar* does not apply to claim 22 in this appeal. *Salazar* premised its departure from the default rule on "limitations referring back to 'said microprocessor'" in the claims. *Id.* at *5.



**Colonel Peter R. Marksteiner**
April 12, 2023
Page 2


Indeed, *Salazar* distinguished the *Convolve* decision because claim 9 in *Convolve* "had no subsequent reference to 'the' or 'said' processor," so the Court "interpreted 'a processor' to mean 'one or more processors' in the context of that claim." *Id.* at 4. Here, claim 22 only recites "a computer" in the preamble, and has no reference to "the" or "said" computer in the remainder of the claim. BB 61-63; GB 31-32.


Sincerely,

*/s/ Juanita R. Brooks*

Juanita R. Brooks
*Counsel for Plaintiff-Appellant Finjan LLC*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing letter complies with the requirements of Fed. R. App. P. 28(j) and that the body of the letter contains 347 words.

Dated:  April 12, 2023　　　　　　　　　　 /s/ Juanita R. Brooks
　　　　　　　　　　　　　　　　　　　　Juanita R. Brooks
　　　　　　　　　　　　　　　　　　　　FISH & RICHARDSON P.C.
　　　　　　　　　　　　　　　　　　　　12860 El Camino Real, Suite 400
　　　　　　　　　　　　　　　　　　　　San Diego, CA 92130
　　　　　　　　　　　　　　　　　　　　Tel: (858) 678-5070
　　　　　　　　　　　　　　　　　　　　brooks@fr.com